**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAKE CHARLES DIVISION**

| | |
|---|---|
| **TIMOTHY CRAIG TRUAX** | **DOCKET NO. 2:25-cv-00415** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **FELIPE MARTINEZ, JR.** | **MAGISTRATE JUDGE LEBLANC** |

**REPORT AND RECOMMENDATION**

Before the court are the original and amended petitions for writ of habeas corpus [docs. 1, 6] filed pursuant to 28 U.S.C. § 2241 by plaintiff Timothy Craig Truax, who is proceeding pro se in this matter. Truax is an inmate in the custody of the Federal Bureau of Prisons. He is incarcerated at FCI-Oakdale I, in Oakdale, Louisiana. This matter is referred to the undersigned for review, report, and recommendation in accordance with 28 U.S.C. § 636 and the standing orders of the court.

On January 26, 2026, Truax was ordered to amend his petition within forty (40) days of the filing of the Court's order to provide the Court with a copy of the Disciplinary Hearing Report prepared in connection with the incident giving rise to the allegations contained in his petition. Doc. 7.

Truax failed to comply with the Court's Order.

Federal Rules of Civil Procedure Rule 41(b) permits dismissal of claims "for failure of the plaintiff to prosecute or to comply with ... any order of court...." The district court also has the inherent authority to dismiss an action *sua sponte*, without motion by a defendant. *Link v. Wabash R.R.Co*., 370 U.S. 626, 630-31 (1962). "The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the [d]istrict [c]ourts." *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.1988). This

power is "vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31. Truax has failed to comply with an Order directing him to amend his petition. This failure on his part warrants dismissal.

Accordingly,

**IT IS RECOMMENDED** that Truax's petition, as amended, be **DISMISSED** in accordance with the provisions of FRCP Rule 41(b).

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have fourteen (14) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy of any objections or response to the district judge at the time of filing.

Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within fourteen (14) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error. *See Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in chambers this 17th day of July, 2026.

THOMAS P. LEBLANC
UNITED STATES MAGISTRATE JUDGE